Mr. Justice Merrick
delivered the opinion of the court:
This was a hearing upon a writ of certiorari directed to the police court. The question is as to the proper mode of proceeding in that tribunal in bringing to justice a party who is charged with the offences under the license law of 1878, requiring and providing for dogs to be identified by certain tags which are to be worn upon their necks, the tags to be furnished by the collector upon payment of a certain license duty.
For the purpose of enforcing the law, the United States, by its district attorney, filed an information in the police court setting forth the predicaments necessary to constitute guilt in case they were proved. The case was brought to this court, and one of the petitioner’s objections is that before the penalties of the law could be enforced there must be a certain assessment, or something of that nature, on the part of the authorities of the District of Columbia to put the law into motion.
Now, it is very apparent, upon the face of the law, that it itself provides for all the instrumentalities of its execution. It requires no assessment, it requires no list, it requires nothing to be done on the part of the authorities of the District in the first instance; but it does require that a man who keeps a dog shall pay a certain tax to the District of Columbia, and that he shall as evidence of that tax, affix a tag to a collar worn around the neck of the dog, which tag is provided by the authorities of the District.
In order to make the law complete it has two provisions: first, that the man who has a dog shall pay the tax and put a collar on it, under the penalty of $5 or f 10; second, that *480 a man shall not put a tag on the neck of his dog, which has been purchased for* any other dog. The law says :
“And if any person shall put a collar upon the neck of any dog * * * without having obtained a license, then he shall also pay the same penalty.”
Now, this is a statute of the United States passed in respect of the District of Columbia, it is true, and containing a penalty, but providing no specific means of enforcing that penalty, and the question is how the penalty is to be enforced.
There is no doubt that at common law, where a statute is in existence providing for a penalty, and there are no particular means of enforcing the penalty designated, it is to be done by an indictment.
In lieu of an indictment, the organic law of the police tribunal of this District provides for an information. All misdemeanors and all matters that are subject to the jurisdiction of the police couifi are to be proceeded against by an information to be filed by the District Attorney of the United States; and in respect to matters which appertain not to the enforcement of the laws of the United States, but to the enforcement of the laws and ordinances of the District of Columbia, the proceedings are to be conducted by the Attorney for the District of Columbia.
The point made here is that, inasmuch as this statute provides a law for the District, as it is said, and the penal-' ties under this law, when recovered, go into the treasury of the District under the structure of the police court, it is the duty of the Attorney of the District of Columbia, and not of the Attorney of the United States, to initiate and conduct the prosecution. And the distinction is drawn, by the attorney for the defendant, between the Laws of the United States and the Laws of the District of Columbia; and on account of the phraseology in section 1065 he maintains that this belongs exclusively to the province of the Attorney for the District of Columbia.
He rests himself upon this phraseology: “ In cases arising out of violations of any of the ordinances or laws of *481 the District in force therein and he maintains that this is a law of the District, in contradistinction to a law of the United States, and that therefore the attorney of the United States has no power to institute this proceeding.
It is perfectly apparent by a comparison of the different sections of the law organizing the police court and distributing the power of administration or vindication of the laws between the United States Attorney and the attorney for the District, that the word “laws” in this connection is equivalent to the words “laws and ordinances of the municipality,” and is not at all used in the sense of meaning a^ law of the District enacted by the Congress of the United States. It is equivalent to “laws and ordinances.”
But all difficulty upon the subject will disappear by referring to the original statute organizing the police court, and there will be seen what is meant by “laws of the District of Columbia.” Those of us who know the history of this District, know that its municipal organization many years ago consisted of three different parts: there was the municipality of Georgetown, there was the municipality of Washington, and there was the municipality of the levy court for that part of the District of Columbia which was outside both of Washington and of Georgetown. So far as Washington and Georgetown were concerned, the local regulations of those two municipalities were designated as “ ordinances,” the local regulations of Washington were designated as “laws,” and they are so spoken of, and the distinction is made in the original statute organizing the police court; and that language transferred into the codification must receive the same interpretation in the codification that it did in the original law.
Now if you will turn to the first section of the original statute organizing the police court you will see what I mean. It says:
“That there shall be established in the District of Columbia a court, to be called the Police Court of the District of Columbia, which shall have original and exclusive jurisdiction of all offences against the United States committed *482 in the District, and not deemed capital or otherwise infamous crimes; that is to say, of simple assaults and batteries and all other misdemeanors not punishable by imprisonment in the penitentiary, and of all offences against any of the ordinances of the City of Washington or of the City of Georgetown, or laws of the Levy Court of the County of Washington.”
There is where the words “laws of the District” come in; “laws of the levy court, ordinances of Georgetown, ordinances of Washington city,” contradistinguished from the statutes of the United States regulating the general police organization of the entire District of Columbia. When those terms are carried into the police statute you see that “the laws and ordinances of the District” mean the laws and ordinances respectively of the levy court of Georgetown and of Washington city; and the terms therefore are fully gratified by confining them to the local regulations of those several municipal. bodies; hence the argument, that the words “laws of the District of Columbia” mean any law of the United States appertaining to the criminal jurisdiction of the District of Columbia, has no basis whatever in a just interpretation of the statute now under consideration.
Thus all difficulty in the case is removed, and you see plainly and unequivocally,, by a comparison of the statutes, what was meant by the codifiers; and it must be said that the codifiers, finding these provisions there at the time of the codification, knowing there was also a new class of laws here, to wit: the laws of the legislative assembly (not in force indeed at the time of the act of 1870, but in force at the time of the codification), and finding the word “laws” appropriate to be used in connection with this distribution of the powers of the police court in connection with the old levy court, they, out of abundant caution, put the word “laws” there, although there was then, and in prospect, no laws to which it should be applicable in the ordinary sense of the term “law,” except the statutes of the United States. But the historical argument- shows what was.meant — conclusively shows it — and dissipates the objection entirely.
*483 For these reasons, without going into any consideration of the distribution and apportionment of the fines and penalties, the court is of opinion that the objection has not been well taken by certiorari; that the police court has entire jurisdiction over the subject; and that the case must be remanded there for the full administration of the law in the contemplation and spirit of the statute of 1878, as passed and found upon the statute book.